**Opinion filed April 2, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00273-CR
_____

## MICHAEL DEWAYNE NORRIS, Appellant

## V.

## THE STATE OF TEXAS, Appellees

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. 26834**

## M E M O R A N D U M   O P I N I O N

A jury convicted Appellant, Michael Dewayne Norris, of assault of a public servant, a third-degree felony. TEX. PENAL CODE ANN. § 22.01(b)(1) (West 2026). The jury found an enhancement allegation to be "true," and assessed Appellant's punishment at imprisonment for twenty years in the Institutional Division of the Texas Department of Criminal Justice; the trial court sentenced him accordingly. PENAL § 12.42(a) (West Supp. 2025).

In a single issue, Appellant contends that the trial court abused its discretion when it admitted body camera footage of a jail security video in violation of the best evidence rule. We affirm.

## I. *Factual Background*

At the time of the assault, Appellant was an inmate in the Eastland County Jail. Sergeant James Christopher Tighe with the Eastland County Sheriff's Office testified that when he opened Appellant's cell door to deliver some paperwork, Appellant attacked him and punched him multiple times in the face. Officer Sierra Fraley with the Eastland County Sheriff's Office observed the assault and came to Sergeant Tighe's aid.

During his investigation of the assault, Deputy Daniel Piper with the Eastland County Sheriff's Office went to the jail and observed security footage, which captured the assault. Deputy Piper recorded the security footage by pointing his body camera at the monitor that was playing it. At trial, and outside the presence of the jury, Deputy Piper testified that because the jail's security system was not conducive to producing discrete, easy-to-transfer files, he was instructed to record the on-screen footage with his body camera and then transfer and download that shorter excerpt onto a hard drive associated with the body camera system. This shorter body camera footage was then burned onto a CD and provided to the district attorney's office. Deputy Piper testified that the body camera footage fairly and accurately depicted the events contained in it and that no alterations or deletions had been made.

The State offered the body camera footage, and Appellant objected on the basis that the original jail security video was the best evidence of what had occurred in the jail hallway between Sergeant Tighe and Appellant. The trial court overruled Appellant's objection and admitted the body camera footage. Deputy Piper testified

that, based on the footage, he believed Appellant's actions met the elements of assault of a public servant.

## II.  *Standard of Review*

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard.  *Ruiz v. State*, 631 S.W.3d 841, 855 (Tex. App.—Eastland 2021, pet. ref'd).  We will not reverse a trial court's evidentiary ruling, and there is no abuse of discretion, unless that decision lies outside the zone of reasonable disagreement.  *Barron v. State*, 630 S.W.3d 392, 410 (Tex. App.—Eastland 2021, pet. ref'd).  And we will uphold a trial court's evidentiary ruling, even if its reasoning is flawed, if it is correct on any theory of law that reasonably finds support in the record and is applicable to the case.  *Wishert v. State*, 654 S.W.3d 317, 330 (Tex. App.—Eastland 2022, pet. ref'd).

## III.  *Analysis*

Appellant contends that the trial court abused its discretion when it admitted the body camera footage of the original jail security video because its admission violated the best evidence rule.  *See* TEX. R. EVID. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or other law provides otherwise.").

Rule 1003 of the Texas Rules of Evidence provides that a "duplicate is admissible to the same extent as the original unless a question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." TEX. R. EVID. 1003.  As a recording of the original jail security video, the objected-to body camera footage falls within the definition of a "duplicate" for the purposes of the best evidence rule.  TEX. R. EVID. 1001(e) (A "duplicate" is "a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original.").

Here, Appellant did not challenge the authenticity of the original jail security video in the trial court below, and the circumstances do not suggest unfairness; therefore, the body camera footage recorded by Deputy Piper was an admissible duplicate of the original jail security video. *See* TEX. R. EVID. 1003; *Ballard v. State*, 23 S.W.3d 178, 181 (Tex. App.—Waco 2000, no pet.) (holding that a copy of a video was admissible under Rule 1003 because the appellant failed to challenge the authenticity of the original). Therefore, we conclude that the trial court did not abuse its discretion when it admitted the body camera footage. *Wishert*, 654 S.W.3d at 330; *Barron*, 630 S.W.3d at 410.

Accordingly, we overrule Appellant's sole issue on appeal.

IV. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


April 2, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.